NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NAJA CUMMINGS, | |
| Plaintiff, | Civil Action: 09-747 (SDW) |
| v. | **O P I N I O N** |
| MICHAEL HENN, et al., | |
| Defendants. | |

**WIGENTON, District Judge**

Plaintiff, Naja Cummings, currently incarcerated at the East Jersey State Prison, Rahway, New Jersey, seeks to bring this action, alleging constitutional violations, in forma pauperis, without prepayment of fees. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. Because Plaintiff's complaint is time-barred under the applicable statute of limitations, it is dismissed without prejudice.

**BACKGROUND**

Plaintiff states that on December 16, 2001 and November 23, 2002, he was arrested by various officers of the Plainfield Police Department. Plaintiff alleges that each arrest was made

without a warrant or probable cause in violation his Fourth Amendment rights. The Court construes these allegations as false arrest claims. Plaintiff names as defendants Assistant Prosecutor Michael Henn, the City of Plainfield, Plainfield Police Department, Lt. R. Lattimore, Sgt. F. Tirrell, P.O. Benita Robinson, P.O. Ronald Fusco, Det. Daniel Staten, and Yesenia Re. Plaintiff seeks damages against the defendants. Plaintiff's complaint is signed and dated February 13, 2009.

## DISCUSSION

### A.   Standard of Review

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to meet the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus:  "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.     42 U.S.C. § 1983**

A plaintiff may present a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

42 U.S.C. § 1983.   Thus, to establish a § 1983 violation, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.      Plaintiff's Claims Are Barred by the Applicable Statute of Limitations.**

      1.      Statute of Limitations and Accrual for § 1983 claims

State law governs the applicable statute of limitations period for § 1983 claims. See Wallace v. Kato, 549 U.S. 384 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)); Cito v. Bridgewater Twp. Police Dep't., 892 F.2d 23, 25 (3d Cir. 1989). Section 1983 claims are best characterized as personal injury claims and governed by the applicable state's statute of limitations for personal injury claims. See Cito, 892 F.2d at 25. New Jersey applies a two-year statute of limitations period for personal injury torts. See N.J. Stat. Ann. § 2A:14-2. Thus, a § 1983 claim arising in New Jersey has a two-year statute of limitations. See Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1998); Cito, 892 F.2d at 25.

A more challenging issue in § 1983 cases is determining the date of accrual—the trigger that typically starts the clock on the state-based statute of limitations. Accrual of § 1983 claims is a question of Federal law. See Wallace, 549 U.S. at 388. Such accrual occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (citations and internal quotation marks omitted) (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (internal quotations and citations omitted)). "'Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable.'" Id. at 1097 (quoting 1 C. Corman, Limitation of Actions § 7.4.1. 526-27 (1991)).

2. Plaintiff's Fourth Amendment Claims

The Fourth Amendment prohibits "unreasonable searches and seizures."  U.S. Const. amend. IV, which "usually requires the police to have probable cause or a warrant before making an arrest." Herring v. U.S., 129 S. Ct. 695, 698 (2009).  Plaintiff claims the Police had neither a warrant nor probable cause for either of his arrests on December 16, 2001, and November 23, 2002.

The statute of limitations for false arrest, a species of false imprisonment, begins to run at the time the detainee is held pursuant to legal process (*e.g.*, when bound-over by a magistrate judge or arraigned).  Wallace, 127 S. Ct.  at 1096–97.  Although the complaint does not state when Plaintiff made his first appearances before a New Jersey Court relative to his two arrests, there is nothing in the Complaint to suggest they were long after these arrests.  Under Wallace, Plaintiffs' false arrest claim accrued, and the statue of limitations began to run, at the time of those appearances.  *See Id*. at 1096, 1100 (holding that the accrual of a false arrest claim is not deferred under the Court's analysis in Heck v. Humphrey, 512 U.S. 477 (1994)).

Plaintiff's complaint is dated February 13, 2009, more than six years after accrual of his false arrest claims.[1]  Even in the highly unlikely event Plaintiff was not brought before a Court for a full week following the latter of his arrests on November 23, 2002, his claims are still long past the two-year statutory period.  Plaintiff alleges no facts or extraordinary circumstances that

---

[1] Although Plaintiff's complaint was received by the Clerk of the Court on February 19, 2009, the complaint was signed and dated by Plaintiff on February 13, 2009, and that date is the date utilized in assessing whether or not Plaintiff has met the statute of limitations.  See Houston v. Lack, 487 U.S. 266 (1988) (providing that the date a prisoner delivers his legal filing to prison authorities for mailing is considered to be the date of the court filing); see also Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).  In this case, however, using either date, the complaint remains untimely.

would permit statutory or equitable tolling under either New Jersey or federal law.  Thus, Plaintiff's claims appear to be time-barred and will be dismissed without prejudice.  Plaintiff may move to reopen the case within 45 days of the date of entry of the Order accompanying this Opinion to allege facts indicating why his claims are not barred by the statute of limitations or why the statue should be tolled.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's complaint will be dismissed, without prejudice.  The Court will file an appropriate Order.

/s Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge

Dated:   March 17, 2009